United States District Court
Middle District of Florida
Jacksonville Division

**LISEBERTHE GESSICA BIENAIME,**

   *Plaintiff,*

v.                                                  **NO. 3:24-cv-982-WWB-PDB**

**WELLS FARGO BANK,**

   *Defendant.*

## Order

The plaintiff sues Wells Fargo Bank, Doc. 1, and applies to proceed without prepaying fees or costs, Doc. 2. She alleges Wells Fargo's software produced inaccurate information that resulted in a $225 charge against her. Doc. 1 at 4.

A federal district court must have jurisdiction to decide a dispute. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a court determines that jurisdiction is lacking, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The dismissal must be without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Jurisdiction under § 1331 is known as "federal question" jurisdiction. That statute permits a federal district court to exercise jurisdiction over a civil action "arising under" federal law. 28 U.S.C. § 1331. An example of a civil action arising under federal law is a civil action claiming patent infringement in violation of federal patent law.

Jurisdiction under § 1332 is known as "diversity" jurisdiction. That statute permits a federal district court to exercise jurisdiction over a civil action between citizens of different states involving an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). An example of a civil action over which a court would have diversity jurisdiction is a civil action between a Florida citizen and a Georgia citizen claiming damages of $76,000 for negligence under Florida common law.

Here, the Court does not appear to have federal-question jurisdiction because no federal claim is discernable from the facts alleged in the complaint. *See* Doc. 1. The Court does not have diversity jurisdiction because, at a minimum, the amount in controversy does not exceed $75,000. *See* Doc. 1 at 4 (alleging $225 as the amount in controversy).

By **November 4, 2024**, the plaintiff must show cause why the Court should not dismiss the action without prejudice for lack of subject-matter jurisdiction. If the plaintiff fails to timely show cause, the Court may dismiss the action. The Court **defers** ruling on the application to proceed without prepaying fees or costs, Doc. 2, until a determination on subject-matter jurisdiction.

The Court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the

Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**Ordered** in Jacksonville, Florida, on October 1, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Liseberthe Gessica BienAime
7400 Powers Ave., Apt. 583
Jacksonville, FL 32217

3